UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTA RAFAEL DUNCAN, | No.  2:24-cv-02276 DC CKD |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| OSTERKAMP TRUCKING, INC., et al., | |
| Defendants. | |

Before the court is defendant TransForce, Inc.'s ("TransForce") motion to dismiss the First Amended Complaint (ECF No. 8, "FAC"), in which defendant Osterkamp Trucking, Inc. ("Osterkamp") joins.  (ECF No. 10.)  Plaintiff has filed an opposition (ECF No. 13), and TransForce has filed a reply (ECF No. 17).  In October 2024, the motion was submitted without hearing before the assigned district judge, and in August 2025, the motion was referred to the undersigned for findings and recommendations.  (ECF Nos. 14, 19 & 22.)  For the reasons set forth below, the court will recommend that TransForce's motion be granted and the FAC be dismissed with leave to amend.

I.    Background

This matter arises from plaintiff Valenta Duncan's putative class action lawsuit alleging violations of the Fair Credit Reporting Act (FRCA), California Labor Code, and California

Industrial Welfare Commission (IWC) Wage Orders by defendants.  Plaintiff originally filed this action in the Sacramento Superior Court, but defendants removed it to this federal court on August 21, 2024.  (ECF No. 1.)  TransForce filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).  (ECF Nos. 5 & 6.)  Plaintiff responded by filing the FAC.  (ECF No. 8.)  TransForce then filed the instant motion to dismiss (ECF No. 10), arguing that the FAC fails to cure the pleading deficiencies of the original complaint.  TransForce additionally seeks an order dismissing or striking plaintiff's request for statutory and punitive damages and plaintiff's class allegations.  (Id.)  Plaintiff argues that the claims in the FAC are sufficiently alleged, that the motion to strike should be denied, and that, if the court grants the motion to dismiss in any part, plaintiff should be given leave to amend.  (ECF No. 13.)

II.    The Complaint

In the FAC, plaintiff alleges as follows:

Defendant Osterkamp "operates a trucking business[.]"  (FAC, ¶ 18.)  Defendant TransForce "operates a staffing agency business[.]" (FAC, ¶ 19.)

Plaintiff, a California resident, was "employed by" TransForce in August 2022 as a non-exempt employee with the title of truck driver.  (FAC, ¶ 17.)  He "worked for" TransForce and Osterkamp until June 26, 2023.  (Id.)  Plaintiff's "duties while at Osterkamp" included driving a flatbed truck and transporting material such as drywall.  (Id.)

The FAC alleges an agency relationship between TransForce and Osterkamp as follows:

> Plaintiff is informed and believes . . . that each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions.  Plaintiff is informed and believes . . . that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

(FAC, ¶ 21.)

Plaintiff alleges that he brings this action on behalf of a class consisting of "[a]ll persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions" in

California within four years from the filing of the complaint of this action until its resolution. (FAC, ¶ 22.) Plaintiff alleges that defendants failed to pay wages including overtime (Claim 1); failed to provide meal periods (Claim 2) and rest periods (Claim 3); failed to pay timely wages (Claim 4); failed to provide accurate itemized wage statements (Claim 5); failed to indemnify necessary business expenses (Claim 6); failed to pay vested vacation pay at separation (Claim 7); failed to pay reporting time wages (Claim 8); violated Cal. Business and Professions Code § 17200, et seq. (Claim 9); failed to make proper disclosure (Claim 10) and obtain proper authorizations (Claim 11) in violation of the FCRA; and failed to make proper disclosure in violation of the Investigative Consumer Reporting Agencies Act (ICRAA) and Cal. Civ. Code § 1786, et seq (Claim 12). In addition to class certification, plaintiff seeks damages and statutory penalties. (FAC at 40-43[1].)

III.    Legal Standard

The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009). Under federal pleading rules, the complaint must allege sufficient fact to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

---

[1] Page numbers refer to page numbers assigned by the court's docketing system.

3

United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

   IV. Motion to Dismiss

   A.  Whether Plaintiff Has Alleged Agency Relationship or Joint Employers

  TransForce asserts that plaintiff has sued two defendants but fails to plead which of the two took actions on which liability is premised.  Most fundamentally, TransForce argues, plaintiff fails to clearly allege which of the two defendants employed plaintiff.  See Martinez v. Combs, 49 Cal. 4th 35, 49 (2010) (only employer can be liable for Labor Code violations).  The FAC alleges that plaintiff "was employed by TransForce" and "worked . . . for" TransForce and Osterkamp during the period at issue.  (FAC, ¶ 17.)  The FAC further alleges that defendants had an agency relationship, such that "each Defendant acted . . . as the agent of the other Defendant[] [and] carried out a joint scheme, business plan or policy," such that defendants' acts are "legally attributable" to each other.  (FAC, ¶ 21.)

  In opposition to the motion, plaintiff argues that the FAC clearly indicates the roles of the defendants: TransForce was a staffing agency that directly employed plaintiff, who was placed via TransForce at Osterkamp Trucking, where he worked as a truck driver.  (ECF No. 13 at 15.)  Plaintiff asserts that the FAC establishes an agency relationship between TransForce and Osterkamp, such that "the acts of one Defendant may hold the other one liable" and they are "*both—jointly*, responsible for the same employment violations suffered by Plaintiff and Class Members."  (Id. at 15-16) (emphasis in original).

  "Courts have held that, under California law, an agency relationship establishes liability for one party for the acts of another."  Akins v. Seterus, Inc., 2019 WL 4243221, *4 (E.D. Cal. Sept. 6, 2019) (citing Republic of Nicaragua v. Standard Fruit Co., 937 F.2d 469, 480 (9th Cir. 1991)).  An agency relationship can be created by agreement between a principal and agent, or it can be founded on "ostensible authority."  Id. (citing Cal. Civ. Code §§ 2298–2300).

/ / /

> The essential characteristics of an agency relationship are: (1) that the agent or apparent agent holds power to alter legal relations between the principal and third persons and between the principal and himself; (2) that the agent is a fiduciary with respect to matters within the scope of the agency; and (3) that the principal has the right to control the conduct of the agent with respect to matters entrusted to him.  To sufficiently plead the existence of an agency relationship, a plaintiff must allege facts demonstrating the principal's control over its agent.

Id. (internal citations omitted).  Here, plaintiff has not alleged facts showing that either defendant had control over the other or that their relationship met the requirements for agency.

In the labor context, plaintiff appears to assert that defendants were joint employers.  In Russo v. Federal Medical Services, Inc., 793 F. Supp. 3d. 1121, 1131 (N.D. Cal. Aug. 5, 2025), plaintiffs alleged that multiple companies, including a staffing agency that placed workers in janitorial positions, "were all their 'employers' for the purposes of state and federal wage-and-hour laws."  As the Russo court explained:

> California courts recognize that more than one entity can be a worker's 'employer' for the purpose of the state wage-and-hour laws at issue in this case.  See, e.g., Martinez v. Combs, 49 Cal. 4th 35, 50 n.16, (2010) (collecting cases). . . . As applicable here, '[t]o employ ... has three alternative definitions.  It means: (a) to exercise control over the wages, hours or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law employment relationship.' Martinez, 49 Cal. 4th at 64.

Russo, 793 F. Supp. 3d at 1132-33; see also Perez v. DNC Parks & Resorts at Asilomar, Inc., 2022 WL 411422, *3 (E.D. Cal. Feb. 10, 2022) ("To be liable as a joint employer under California law, an entity must have the ability to (1) exercise control over wages, hours, or working conditions, (2) to suffer or permit to work, or (3) to engage, thereby creating a common law employment relationship.").

To survive a motion to dismiss, "a plaintiff seeking to hold multiple entities liable as joint employers must plead specific facts that explain how the defendants are related and how the conduct underlying the claims is attributable to each." Andrade v. Arby's Restaurant Group, Inc., 2015 WL 6689475, *2 (N.D. Cal. Nov. 3, 2015) (cleaned up).  Plaintiff

> must allege specific facts such as whether defendant pays the employee's salary and taxes, owns the equipment necessary for the employee to perform his job, has authority to hire, train, fire, or

5

> discipline the employee, or has discretion to set the employee's salary. However, 'a person can be a joint employer without exercising direct control over the employee.' Medina v. Equilon Enterprises, LLC, 68 Cal. App. 5th 868, 879 (2021). For example, "[i]f the putative joint employer instead exercises enough control over the intermediary entity to indirectly dictate the wages, hours, or working conditions of the employee, that is a sufficient showing of joint employment." Id.

Perez, 2022 WL 411422, *3 (internal quotations and citation omitted). "While plaintiff is not required to conclusively establish that defendants were her joint employers at the pleading stage, plaintiff must at least allege some facts in support of this legal conclusion." Hibbs-Rines v. Seagate Technologies, LLC, 2009 WL 513496, *5 (N.D. Cal. Mar. 2, 2009) (citing Bell Atlantic, 550 U.S. 544) (finding "cursory" allegations that defendants were joint employers and agents were "legal conclusions, not factual allegations" and insufficient to proceed).

Here, plaintiff alleges that TransForce was his employer and he "worked for" both defendants. Plaintiff alleges no specific facts about which defendant paid his salary and taxes; owned the equipment he used; had authority to hire, train, fire or discipline him; or had discretion to set his salary. Nor does the FAC allege specific facts showing that one defendant exercised enough control over the other to "indirectly dictate" plaintiff's wages, hours, or working conditions. Rather, the FAC repeatedly alleges that "defendants" took certain actions and never explains the role, authority, and actions of each defendant or how their relationship worked with respect to plaintiff and the putative class members. Thus the allegations in the FAC are insufficient to allege a joint employer relationship. See Andrade, 2015 WL 6689475, *4 (dismissing complaint as to defendant because she "has not alleged facts showing that [it] controlled her employment or [co-defendant's] employment of her"). Compare Perez, 2022 WL 411422, *3 (detailed allegations about defendants' roles and actions were sufficient to allege joint employer relationship under California law).

Because plaintiff has not alleged facts showing that Osterkamp controlled his employment or TransForce's employment of him, the FAC should be dismissed as to Osterkamp on this basis. However, as set forth below, the FAC does not meet federal pleading requirements as to either defendant.

6

B.  Whether the FAC Meets Rule 8(a) Requirements

The FAC sets forth the factual basis of all of its claims in a series of allegations about the actions of "defendants." (FAC at 13-23.) In Claim 1, for example, Labor Code § 1197 provides that employees must be paid the minimum wage and that the payment of a lower wage is unlawful. Plaintiff alleges that "[d]efendants failed to pay overtime pay . . . at the proper rate. For instance, plaintiff worked overtime (double time) approximately five (5) times per week . . . Plaintiff's timesheets reflect overtime worked, but not paid." FAC, ¶ 64. Plaintiff alleges that "defendants" required him and class members to work off the clock, and they were not paid for pre-shift work activities. FAC, ¶ 65. Similarly, "defendants" required plaintiff and class members to do unpaid post-shift work. FAC, ¶ 66. "Defendants" required the frequent use of personal cell phones for work and shaved plaintiff's and the class members' hours by rounding down and failing to round up their pay. FAC, ¶¶ 67-69.

A fundamental problem with these allegations is that it not clear whether TransForce or Osterkamp engaged in the complained-of actions, or if they were somehow both responsible. Plaintiff has not sufficiently pled that Osterkamp is his employer, as explained above. Yet, TransForce is a staffing agency whose role in plaintiff's day-to-day work as a truck driver is unclear.

"As a general matter, Rule 8(a) requires a plaintiff to differentiate allegations against multiple defendants." Holtegaard v. Howroyd-Wright Emp. Agency, Inc., 2020 WL 6051328, at *3 (C.D. Cal. Aug. 11, 2020) (citing Manukyan v. Cach, LLC, 2012 6199938, *3 (C.D. Cal. Dec. 11, 2012) ("A court should dismiss a complaint that makes undifferentiated allegations against multiple defendants, because such a complaint fails to put each defendant on notice of the alleged wrongdoing.")). "Courts dismiss complaints that make 'undifferentiated allegations' against multiple defendants because those allegations 'fail to individually describe the amount of control exerted by each alleged joint employer.'" Ramirez v. HV Global Management Corp., 2023 WL 322888, *7 (N.D. Cal. Jan. 19, 2023) (citing Holtegaard, 2020 WL 6051328, at *3; Manukyan, 2012 6199938, at *3). The Ramirez court dismissed a complaint where, other than individually naming the defendants as parties, plaintiff "refer[red] to [them] collectively as 'Defendants.' This

7

is not sufficient to state sufficient facts as to 'each alleged joint employer.'" Id. at *7 (citing Holtegaard, 2020 WL 6051328, at *3). See also In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Products Liability Litig., 826 F.Supp.2d 1180, 1206 (C.D. Cal. 2011) (noting that the "wholesale failure to meaningfully differentiate among the Defendants [ordinarily requires] the dismissal of and repleading of these claims[.]") (cleaned up). "To survive a motion to dismiss, a plaintiff should at least allege *some* facts about the working relationships between the parties and the extent of control exerted by each over an employee's wages, hours, or working conditions." Henderson v. Samuel, Son & Co USA Inc., 2025 WL 1681817, *3 (C.D. Cal. April 24, 2025) (cleaned up; emphasis in original) (collecting cases).

Here, because the FAC is based on allegations about the collective actions of "defendants" and fails to allege facts about their relationship and respective roles as employers, the complaint should be dismissed as to both TransForce and Osterkamp. However, plaintiff should be granted the opportunity to amend the complaint, as it is not clear that amendment would be futile.

C. Class Allegations

Defendants argue that the court should strike plaintiff's class action allegations as insufficiently pled. Because the undersigned has found that none of the claims in the FAC are adequately pled, it need not consider whether the claims are adequately pled as to putative class members. See Ramirez, 2023 WL 322888, *7 (same). Plaintiff will have an opportunity to re-plead his class allegations in an amended complaint. Moreover, this issue "is more appropriately suited for the class certification stage of the litigation" than on a motion to dismiss. Perez, 2022 WL 411422, *9.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Defendants' motion to dismiss (ECF No. 10) be GRANTED with leave to amend; and

2. Plaintiff be ordered to file a Second Amended Complaint no later than thirty (30) days after any order by the district judge dismissing the FAC with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

8

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 30, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/dunc2276.mtd.f&rs

9